# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **BERTHOLD DIRECT CORP.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.:** |
| v. ) | |
| ) | |
| **WSP GLOBAL, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

Plaintiff, BERTHOLD DIRECT CORP. ("Berthold"), by its undersigned attorneys, complains against Defendant, WSP GLOBAL INC., as follows:

## NATURE OF THE ACTION

1. This is a civil action for copyright infringement arising under the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq.* and for breach of contract arising under Illinois common law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1338 as this case arises under the Copyright Laws of the United States. The Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district as Defendant has agreed to this venue pursuant to the license agreement, which is the subject of the breach of contract claim and attached hereto as **Exhibit A**.

**PARTIES**

4. Plaintiff, Berthold, is an Illinois corporation with its principal place of business in Chicago, Illinois.

5. Plaintiff, and its affiliates, collectively form the Berthold type foundry, and as such design, manufacture, and license their proprietary computer software programs containing digitized typefaces to the public.

6. Defendant, WSP Global Inc., is a Canadian corporation with its principal office in Montreal, Quebec. Defendant also has an office in Chicago, Illinois.

**FACTUAL BACKGROUND**

7. Since 1858 the Berthold type foundry has been in the business of marketing typefaces. H. Berthold AG, the original Berthold type foundry founded in Berlin, Germany, was known worldwide as an expert producer of high quality typefaces and developed the type library: "the Berthold Exklusiv Collection."

8. In the 1990s, Berthold and its affiliates were organized to continue Berthold's type business and to offer the high quality typefaces from the Berthold Exklusiv Collection.

9. The Berthold Exklusiv Collection now consists of over 1,000 computer software programs containing digitized typeface designs ("font software programs").

10. Berthold exclusively markets and licenses the Berthold typeface font computer software programs directly to customers from its Internet commerce website www.bertholdtypes.com, and by way of authorized distributors directly to customers and/or through their Internet commerce websites.

11. Berthold licenses the use of the Berthold typeface font computer software programs to end users, and controls such licensing by way of individually negotiated licenses

agreements, including a traditional desktop license offered from Plaintiff's web site www.bertholdtypes.com titled "the Berthold End User License Agreement."

12. Berthold's traditional, limited desktop license permits the end user to use the font software programs for personal or internal business purposes only and allowed installation of the font software programs on up to 5 computers at a single location ("Traditional End User Licenses"). The cost of Berthold's Traditional End User Licenses runs from $65.00 to $1,500.00 depending on the number of font software programs in the package, and language coverage.

13. The Traditional End User Licenses were based on the original PostScript Print License introduced in the 1990s by Adobe Systems Inc. (at that time a leader in the type industry). The PostScript Print License was very limited only allowing the end user to produce printed materials.

14. With the advent of new technologies, Berthold began offering more licensing options that incorporate these latest technologies, such as web fonts, digital publishing, e-books, web video publishing, smart phone/tablet apps, etc.

15. End users may obtain these expanded licensing rights from Berthold pursuant to individually negotiated license agreements titled "the Berthold Enterprise License Agreement" ("Berthold Enterprise Licenses"). The cost of Berthold Enterprise Licenses varies depending upon the number of font software programs licensed and licensing rights granted, and running from thousands of dollars to hundreds of thousands of dollars.

16. Defendant is a worldwide business providing management and consultancy services to the build and natural environment. It merged with GENIVAR in 2012 and acquired Parsons Brinckerhoff in 2014. It is listed on the Toronto Stock Exchange. Defendant has

approximately 34,500 employees based in more than 500 offices, including Chicago, across 40 countries worldwide.

17. Berthold's records show that, on July 31, 2015, Defendant purchased a Traditional End User License to use twelve (12) of the Akzidenz-Grotesk typeface font software programs in PostScript OpenType format (the "Licensed Font Software").

18. Defendant purchased the license rights to use the Licensed Font Software subject to the Berthold End User License Agreement (the "Agreement"). *Id.*

19. The Agreement limits Defendant to install the Licensed Font Software on up to five (5) computers at a single location.

20. One purpose of the Agreement is to protect Berthold's interest in its unique font software programs and to ensure that only those who possess a license have access to the software programs. It does this by limiting how the font software programs may be used and with whom they may be shared. Without these limitations, Berthold's font software programs would be accessible to all and fewer customers would be willing to pay to license Berthold's font software programs.

21. Defendant purchased the license to use the Licensed Font Software from Berthold's web site www.bertholdtypes.com. Defendant agreed to the terms of the Agreement prior payment and download of the Licensed Font Software.

22. On August 26, 2015, Defendant contacted Berthold seeking to expand the desktop license granted under the Agreement by obtaining a Berthold Enterprise License which would allow Defendant to create and distribute PDF files and other external digital publishing materials.

23. Thereafter, Defendant admitted to already using the Licensed Font Software beyond the Traditional Desktop License rights provided in the Agreement.

24. Berthold has notified Defendant that its license rights to use the Licensed Font Software under the Agreement have terminated, and that Defendant's continued use of the Licensed Font Software is unauthorized.

25. Berthold also discovered that Defendant has been using at least six (6) more of Berthold's copyrighted typeface font software programs without any license (the "Unlicensed Font Software").

26. Berthold also has notified Defendant that its use of the Unlicensed Font Software is not and never has been unauthorized.

27. As of the filing of this Complaint, Defendant continues to use the Unlicensed Font Software without authorization and at least one of the Licensed Font Software programs without authorization (the "Previously Licensed Font Software").

## COUNT I
### (Copyright Infringement)

28. Plaintiff repeats and realleges paragraphs 1-27 herein.

29. Berthold LLC is the registered copyright holder and has granted an exclusive license to Plaintiff Berthold Direct Corp. to license the Licensed Font Software and the Unlicensed Font Software.

30. Plaintiff has the exclusive rights to the copyright rights in the following Licensed Font Software which are registered in the U.S. Copyright Office with registrations attached as **Exhibit B** to this Complaint:

   i. Akzidenz-Grotesk Pro Light Condensed, TX 6-380-812
   ii. Akzidenz-Grotesk Pro Light Condensed Italic, TX 6-380-805
   iii. Akzidenz-Grotesk Pro Regular Condensed, TX 6-380-806
   iv. Akzidenz-Grotesk Pro Condensed Italic, TX 6-380-807
   v. Akzidenz-Grotesk Pro Medium Condensed, TX 6-380-808
   vi. Akzidenz-Grotesk Pro Medium Condensed Italic, TX 6-380-809
   vii. Akzidenz-Grotesk Pro Bold Condensed, TX 6-380-824
   viii. Akzidenz-Grotesk Pro Bold Condensed Italic, TX 6-380-825

      ix.      Akzidenz-Grotesk Pro Extra Bold Condensed, TX 6-380-804
      x.      Akzidenz-Grotesk Pro Extra Bold Condensed Italic, TX 6-380-801
      xi.      Akzidenz-Grotesk Pro Extra Bold, TX 6-380-803
      xii.      Akzidenz-Grotesk Pro Extra Bold Italic, TX 6-380-802

31. Plaintiff has the exclusive rights to the copyright rights in the following Unlicensed Font Software which are registered in the U.S. Copyright Office with registrations attached as **Exhibit C** to this Complaint:

      xiii.      Akzidenz-Grotesk Pro Medium Italic, TX 6-380-795
      xiv.      Akzidenz-Grotesk Pro Bold Italic, TX 6-380-797
      xv.      Akzidenz-Grotesk Pro Super Italic, TX 6-380-786
      xvi.      Akzidenz-Grotesk Pro Regular, TX 6-380-794
      xvii.      Akzidenz-Grotesk Next Pro Bold Italic, TX 6-501-362
      xviii.      AG Book Pro Light, TX 6-590-095

32. Defendant has embedded the Unlicensed Font Software into numerous electronic document files, including Defendant's 2014 Annual Report, which are freely accessible to the public over the internet.

33. Defendant knew that it did not have a license to use the Unlicensed Font Software.

34. Defendant also has embedded one of the Licensed Font Software programs, Akzidenz-Grotesk Pro Regular Condensed, TX 6-380-806 (the "Previously Licensed Font Software"), into numerous electronic document files which are freely accessible to the public over the internet.

35. Following termination of the license rights under the Agreement, Defendant knew that it did not have a license to embed the Previously Licensed Font Software into electronic document files which are freely accessible to the public over the internet.

36. As a result of its wrongful conduct, Defendant is liable to Berthold for copyright infringement under 17 U.S.C. § 501. Berthold has suffered, and will continue to suffer,

substantial losses, including but not limited to, damages to its business reputation and goodwill. Berthold is entitled to recover damages, which include its actual losses and any and all profits defendant has made as a result of their wrongful conduct as provided by 17 U.S.C. § 504.

37. Berthold also is entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. Unless enjoined by this court, Defendant will continue to infringe such copyrighted works thereby causing Berthold immediate and irreparable damage for which Berthold has no adequate remedy at law.

WHEREFORE, Berthold requests that this Court enter judgment in its favor and against Defendant as follows:

A. Find that Defendant has infringed Plaintiff's copyright rights in the Unlicensed Font Software and the Previously Licensed Font Software, and injured Plaintiff's business reputation and business;
B. Find that Defendant's infringement was committed willfully;
C. Award Berthold all actual, statutory, and punitive damages permitted by law;
D. Preliminarily and permanently enjoin Defendant from directly or indirectly imitating, copying, or making any other infringing use or distribution of Unlicensed Font Software or the Previously Licensed Font Software;
E. Order Defendant to deliver for destruction to Plaintiff, all materials in Defendant's possession, custody, or control containing or created using the Unlicensed Font Software and the Previously Licensed;
F. Order Defendant to certify to the Court the destruction of all such materials and programs;
G. Award Plaintiff its costs and attorney's fees incurred in prosecuting this action; and
H. Grant Plaintiff such other and additional relief as is just and proper.

## COUNT II
**(Breach of License Agreement)**

38. Plaintiff repeats and realleges paragraphs 1-37 herein.

39. Section 3 of the Agreement provides in relevant part:

Limited Internal Embedding Rights. Upon payment of the nonrefundable license fee, Berthold also grants you a nonexclusive, nontransferable, limited right to embed the Font Software expressly as follows:

7

    (a) You may embed the Font Software into electronic documents for use on computers that are Licensed Computers provided that the electronic documents are for personal or Internal Business Use.

    (b) You may embed the Font Software into electronic documents for use on computers that are NOT Licensed Computers, subject to all of the following restrictions: (i) the electronic documents are distributed in a secure format that allows only printing and viewing, and prohibits editing, selecting, enhancing or modifying the text; and (ii) the electronic documents are for personal use or Internal Business Use, and are not sent or otherwise distributed externally. For the avoidance of doubt, if you are unable to limit access to "view and print" only, then the electronic document may not be used on computers that are NOT Licensed Computers.

Except as expressly provided above, all other embedding of the Font Software is strictly prohibited.

40. Defendant has embedded the Licensed Font Software into numerous electronic documents (PDFs) which are freely accessible to the public over the internet, may be accessed by computers that are not Licensed Computers and on computers not at the Licensed Location, and are available for download.

41. By embedding the Previously Licensed Font Software into externally disseminated PDFs, Defendant materially breached the Agreement.

42. Section 9 of the Agreement provides:

Termination. The license rights granted under this Agreement are perpetual. Notwithstanding, the license rights under this Agreement will immediately and automatically terminate without notice if you fail to comply with any term or condition of this Agreement, or upon your bankruptcy. Upon termination, you must destroy all copies of the Font Software. The balance of the Agreement shall survive any such termination of license rights.

43. When Defendant breached the Agreement, its license rights to use the Previously Licensed Font Software terminated.

WHEREFORE, Berthold requests that this Court enter judgment in its favor and against Defendant as follows:

8

    A.    Award actual damages and pre and post-judgment interest;
    B.    Award Plaintiff its attorneys' fees as provided under the Agreement;
    C.    Award Plaintiff's cost for bringing this suit; and
    D.    Award any other and additional relief as is just and proper.

BERTHOLD DIRECT CORP.

By: /s/ Peter S. Lubin
One of its Attorneys

Peter S. Lubin (psl@ditommasolaw.com)
Vincent L. DiTommaso
Andrew C. Murphy (acm@ditommasolaw.com)
DITOMMASO♦LUBIN, P.C.
17W220 22nd Street, Suite 410
Oak Brook, Illinois 60181
(630) 333-0000